# District Court of the Navajo Nation
## Judicial District of Shiprock, New Mexico

**Mr. & Mrs. Robert E. Henderson, Plaintiff,**
v.
**Ben L. Montano, Defendant.**
**Decided August 3, 1993**

## ORDER

Judge Lorene Ferguson presiding.

THIS MATTER was heard on May 26, 1993 and involves a small claims action in which Plaintiff filed a petition claiming that Defendant owed him $2000.00 for lost and stolen property, a 1973 Oldsmobile Delta 88, held in Defendant's trust for repair at El Navajo Garage and the Court having conducted a hearing, FINDS:

1. On or about September 29, 1991, Plaintiff delivered, for obtaining estimates and repairs, his 1973 Oldsmobile Delta 88 Royale to El Navajo, a business located in Shiprock, New Mexico.

2. Plaintiff was initially informed that the engine was out and it would require a sizable amount of down payment in order that the repair begin.

3. Plaintiff, unable to make the $250.00 payment required by the defendant in order to begin repair, neither made any payment nor did he remove his car. Rather, Plaintiff left the car at the shop and began to search for funds.

4. Plaintiff left the car with the Defendant for over a year and the Defendant, believing it to be abandoned, towed the car to his residential yard in Shiprock, New Mexico after a month had passed.

5. The vehicle, while in Defendant's yard, was vandalized and various parts of the car and four tires were removed, including the tire rims.

6. The Plaintiff returned to El Navajo on or about November, 1992 inquiring about his car, after several attempts to obtain a loan.

7. Plaintiff stated that he tried to get the car in August, 1992 by paying $200.00-$250.00 but he was told to pay $500.00.

8. Plaintiff rented a U-Haul and hauled the car back to his residence on or about November, 1992 and the wheels were missing, including the tire rims, and other parts were also missing and Plaintiff stated he lost and expended $1994.54 due to lost and stolen car parts which he seeks from Defendant.

9. Defendant submitted upon request by the Court a breakdown of $1994.54 claimed by Plaintiff. Attachment A.

10. Defendant denied that he is responsible for the missing car parts as the parts were either stolen by others or used by a former employee who no longer works for him.

# CONCLUSIONS OF LAW

In order to determine whether Defendant should be found liable for the damage and loss of Plaintiff's vehicle, the Court needs to review the law of bailment. The Navajo Nation Supreme Court addressed bailment in *Navajo Tribe of Indians v. Jones*, 5 Nav. R. 235 (1986), and stated at page 251,

> Bailment in its ordinary legal sense means the delivery of personal property by one person to another in trust for a specific purpose, with a contract, express or implied, that the trust shall be faithfully executed, and the property returned or duly accounted for when the special purpose is accomplished, or kept until the bailor reclaims it. The general rules that the assent of both parties is necessary before a contract, either express or implied in fact, can come into existence is applicable to the ordinary case of a contract of bailment.

Here, there was a bailment agreement when Plaintiff delivered to the Defendant his car for service. However, in order that the Defendant begin service, he required a "down payment" of $200.00. The repair cost was estimated at $1545.70. While the vehicle remained at El Navajo, the Plaintiff sought funds. When the Plaintiff returned with the required funds, he was told that a total of $500.00 had to be paid. After a month, Defendant removed the vehicle to his residential yard where the vehicle remained until removed by the Plaintiff.

This bailment arrangement between the parties created a duty of care on the part of the Defendant to provide reasonable care for the safeguarding of the vehicle left by the Plaintiff. 38 Am. Jur. *Bailment* Sec. 51.

Here, the owner of the service station, by removing the vehicle to his residential yard failed to exercise the degree of care required of him and such failure was the proximate, direct, and immediate cause of loss and damage to the Plaintiff. Once the vehicle was removed to Defendant's yard, the Plaintiff had less or no access to the vehicle.

While in Defendant's yard, Plaintiff's vehicle was vandalized resulting in a loss to the Plaintiff in the amount of $1994.54, as specified in Attachment B.

While Defendant claims that he was not liable because the Plaintiff abandoned the property, he did not offer any evidence to support his claim. In order to establish an abandonment of property, "actual acts of relinquishment accompanied by an intention to abandon must be shown." 1 Am. Jur. 2d *Abandonment* Sec. 15. An intent to abandon and the "act of abandonment must conjoin and operate together." *Id*. The Defendant stated he believed the vehicle was abandoned and thereby removed it, he did not establish the required intent. Quite the contrary, Plaintiff stated that while the car was at either the El Navajo Garage or the residential yard of the Defendant, he sought funds and made attempts to retrieve his car and eventually he did at his expense and loss.

> Abandonment of property involves a conscious purpose and intention on the part of the owner neither to use nor to retake the property into his possession

and necessarily involves an act by which the possession is relinquished, and this must be a clear and unmistakable affirmative act indicating a purpose to repudiate the ownership. 1 Am. Jur. 2d *Abandonment* Sec. 16.

Plaintiff stated he made several efforts to obtain funds so that the car could be serviced and made operable.

The Court is satisfied with the itemized cost submitted as loss by the Plaintiff in order to get his vehicle back into the state it was in when he delivered the vehicle to El Navajo. Various car parts including the wheel and rims were removed while in Defendant's residential yard.

IT IS HEREBY ORDERED that Defendant pay Plaintiff a total of $1994.54, which also includes costs associated with the loss specified in the police report and photos.

This amount can be paid in four equal parts to be paid by September 1993, payable to Plaintiff and delivered to this Court for distribution.